## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-10-265 |
| | § | (C.A. No. C-11-48) |
| MARISSA PORRAS, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION
## TO VACATE, SET ASIDE OR CORRECT SENTENCE AND
## ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Marissa Porras' (Porras) motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. D.E. 39.[1] The Court ordered the government to respond. D.E. 41. The government filed its alternative response and motion to dismiss. D.E. 50. Porras has not filed a reply.

As discussed in more detail herein, the Court concludes that Porras' claims are subject to dismissal because she validly waived her right to file them. The Court thus DISMISSES Porras' § 2255 motion and DENIES her a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Docket entry references are to the criminal case.

## II.  FACTS AND PROCEEDINGS

Porras was arrested in March 2010 at the Sarita, Texas checkpoint after Border Patrol agents discovered 5 bundles of cocaine hidden in the firewall of the vehicle Porras was driving. D.E. 1.

Porras first appeared before a federal Magistrate Judge the day she was arrested and was appointed counsel. D.E. 2, 4. Retained counsel substituted for appointed counsel. D.E. 8. Porras was indicted on March 24, 2010, for possession with intent to distribute more than 5 kilograms of cocaine. She was arraigned a week later. D.E. 14. A superseding indictment was filed in April 2010 which decreased the quantity of cocaine to more than 500 grams, approximately 4.98 kilograms, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). She was arraigned on the superseding indictment May 4, 2010.

### A.    Plea Agreement and Rearraignment

Porras entered into a written plea agreement with the government and was rearraigned. D.E. 26, 27. In exchange for her guilty plea and waiver of appellate and § 2255 rights, the government agreed to recommend that Porras receive the maximum credit for acceptance of responsibility and to recommend a sentence within the guideline range. D.E. 27 at ¶¶ 1-2. The plea agreement also contained a waiver of Porras' right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. The Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the

statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

D.E. 27 at ¶ 7 (emphasis in original). The agreement was signed by both Porras and her counsel. Id. at 5.

At Porras' rearraignment, the Court specifically questioned her under oath to ensure that her plea was voluntary and knowing and to ensure that she understood and was voluntarily relinquishing her right to file a § 2255 motion. Specifically, after discussing her waiver of appellate rights, the Court admonished:

> 20 . . .You are giving up your right to file a petition known as a
> 21 "2255 petition," which is a document that defendants file to
> 22 ask the Court to vacate or modify or somehow correct their
> 23 sentence or conviction. You're giving up your right to file
> 24 that document as well.
> 25 *Were you aware you were giving up these rights?*
> 1 THE DEFENDANT: *Yes, sir.*
> 2 THE COURT: *And do you want to give up these rights*?
> 3 THE DEFENDANT: *Yes, sir.*
> 4 THE COURT: And have you discussed with Mr. Martinez
> 5 whether you should give up these rights to appeal and these
> 6 rights to file a 2255 petition?
> 7 THE DEFENDANT: Yes, sir.

D.E. 47 at 12-13 (emphasis added).

Porras testified that the plea agreement was hers, that it was the entire agreement, that she understood it and had discussed it with her attorney before signing it. Id. at 10-11. It is clear from the foregoing that Porras' waiver of her § 2255 rights was knowing and voluntary.

3

See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting a plea).

During rearraignment, Porras further testified that she did not need more time with counsel, that counsel was following her instructions, and she was satisfied with counsel's services. D.E. 47 at 5-6. The Court informed Porras of the various trial rights available to her, she testified that she understood those rights and understood that if she pleaded guilty, she would be giving up those trial rights. Id. at 6-8.

Consistent with Rule 11 of the Federal Rules of Criminal Procedure, the Court explained to Porras the maximum punishment that she might receive. Specifically, the Court informed her that she faced up to 40 years in prison, a minimum mandatory sentence of 5 years, supervised release of at least four years, a fine of up to $2 million, and a mandatory special assessment of $100. D.E. 47 at 8-9. Porras told the Court she understood. Id. at 9. Porras agreed with the factual recitation by the government's attorney. Id. at 14-19.

**B.      Presentence Investigation Report and Sentencing**

At the conclusion of the rearraignment, the Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report (PSR). D.E. 28. The PSR calculated Porras' base offense level as 30 based upon the seizure of 4.98 kilograms of cocaine. D.E. 31 at ¶ 12. After subtraction for acceptance of responsibility, the total offense level was 27. Id. at ¶ 21.

Porras had no previous scored criminal convictions. Id. at ¶¶ 23-25. The resulting guideline range was a term of imprisonment of 70 to 87 months with a statutory minimum sentence of 5 years. Id. at ¶¶ 40, 41.

Porras' counsel filed an objection to the PSR before it was final. D.E. 30. Specifically, counsel objected to the lack of mitigating role and the lack of safety valve. Probation summarized the objections and responded before sentencing. D.E. 33. Probation opposed the granting of safety valve on the grounds that Porras had been less than forthcoming about her role in the offense and her knowledge regarding the offense. Id.

Sentencing was held on July 22, 2010. D.E. 34. Counsel urged objections based upon minor or minimal role and safety valve.  D.E.  48 at 5. The government presented testimony from a member of the DEA task force. Id. The agent found Porras to be evasive. Id. at 8-9. Porras did not give the agent any details about the persons involved, the dates she was in Mexico, or the port of entry she came through. Porras denied getting any up-front money, but the receipts found in her car demonstrated that she purchased numerous items, including jewelry and an expensive purse the day of her arrest. Id. at 13. The agent did not find Porras to be credible because in the agent's experience, couriers do not use their own vehicles and couriers do not front their own expenses.  Porras claimed she needed the money and agreed to transport drugs because she was broke and unemployed. Conservatively calculated, gasoline alone for the trip from Florida to Mexico would cost at least $150. Additionally, the receipts in her car showed the day of her arrest, Porras went shopping and spent several hundred dollars on a purse, jewelry and clothing. Id. at 30.

Porras testified at sentencing. At the conclusion of her testimony, the Court denied the requests for minimal role and safety valve. D.E. 48 at 54-58. The Court imposed a mid-Guideline sentence of 76 months in the custody of the Bureau of Prisons, to be followed by

a five-year term of supervised release, and also imposed a $100 special assessment. Id. at 10-11. Judgment of conviction and sentence was entered July 26, 2010. D.E. 35. Consistent with her waiver of appellate rights, Porras did not appeal. The Clerk received Porras' § 2255 motion on February 18, 2011. D.E. 39. It is timely.

### III.  MOVANT'S ALLEGATIONS

Porras claims that her counsel was ineffective, "I believe now from reading my transcripts, my attorney failed in applying for my points, for not appealing, and for not applying for downward departure." D.E. 39 at 4. Porras' Ground Two complains that she was not given the standard 2 point departure for signing not to appeal. Ground Three also complains of not receiving a downward departure, "I believe that I coroperated [sic] to my fullest with the authorities and gave a True statement." Id. at 7.

In its response, the government argues that Porras' plea was voluntary and her motion is barred in its entirety because of the waiver of § 2255 rights in her written plea agreement. D.E. 50 at 6. Alternatively, the government argues that Porras' remaining claims fail on the merits. Id. at 10.

For the reasons set forth herein, the Court concludes that Porras' motion is barred by her waiver.

6

## IV.  DISCUSSION

**A.**     **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct her sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.**     **Ineffective Assistance of Counsel**

Porras does not directly claim that her plea was involuntary and her claim of ineffective assistance does not automatically relieve her of her waiver of appeal and § 2255 post-conviction proceedings. See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In White, the Court decided there was "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. The Sixth Amendment right to effective assistance of counsel may also be

7

waived, and thus need not be treated any differently." Id. at 343 (internal citations omitted).

Before she pled guilty, Porras was informed that her plea agreement included a waiver of her appeal and post-conviction rights to challenge her sentence and she affirmatively testified that she had discussed the terms of the plea agreement with counsel and wished to waive those rights. See D.E. 47 at 12-13.

Porras' sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). In short, Porras cannot overcome her testimony at rearraignment that she was willingly giving up her right to challenge her conviction and sentence by appeal or by post-conviction motion to vacate.

Because the Court concludes that Porras' challenges here do not affect the validity of her plea agreement, the Court finds that the plea agreement and waiver of § 2255 rights contained therein are valid and enforceable. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Accordingly, the Court turns to the effect of Porras' waiver of § 2255 rights on her remaining claims.

It is clear from the rearraignment that Porras understood that she was waiving her right both to appeal (except under certain circumstances) and to file any § 2255 motion which is all that is required for her waiver to be enforceable. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). All but

one of Porras' remaining claim falls within the scope of her waiver and are thus barred from consideration.[2]

## C.    Claim That Counsel Was Ineffective for Failing to Appeal

Porras contends that counsel was ineffective for not appealing. The government did not brief this issue. A claim that counsel failed to timely file a notice of appeal after being instructed to do so must be considered, even in cases in which the defendant has waived her right to appeal. United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) ("Today, we join our sister circuits in holding that the rule of Flores-Ortega applies even where a defendant has waived her right to direct appeal and collateral review.").

### 1. *Standard for ineffectiveness of counsel*

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that her counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United

---

[2]    Even if Porras' claims were not waived, they fail factually. Porras claims that counsel failed to seek a downward departure, but the record reflects that he urged safety valve and minimal role. The Court denied those based upon Porras' testimony at sentencing. Porras claims that she did not get the standard 2 point reduction for her waiver of appellate rights, but the government promised to seek maximum acceptance of responsibility, which she received. D.E. 27 at ¶¶ 1-2, D.E. 31 at ¶¶ 18-21. Finally, the Court found that Porras' level of cooperation did not rise to that required to obtain a downward departure for safety valve based upon Porras' testimony. None of these claims have merit.

States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that her attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of her imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).[3]

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

The prejudice standard differs for a claim that counsel failed to consult with her about filing an appeal and also failed to file a notice of appeal as directed. If a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance even without a showing that the appeal would be meritorious. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 486 (2000); cf. United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007); see also United States v. Harger, 354 Fed. Appx. 151at *1 (5th Cir. Nov. 19, 2009) (designated unpublished) (reversing and remanding for evidentiary hearing on this issue). A district court may deny a § 2255 motion without a hearing only if the evidence

---

[3]  The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir.2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

conclusively shows that the prisoner is not entitled to relief. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

      2.  *Porras' claim that counsel failed to file a notice of appeal*

As part of her first ground in the pending motion to vacate, Porras complains that, "I believe now from reading my transcripts, my attorney failed in applying for my points, for not appealing, and for not applying for downward departure." D.E. 39 at 4. Although counsel has a duty to file a notice of appeal for a criminal defendant if requested to do so within the time to appeal, Porras does not claim that she asked counsel to do so, nor does she allege that counsel failed to discuss her appellate rights with her. See Roe, 528 U.S. at 478-79. In fact, Porras claims that she did not realize that counsel should have appealed until *after she read her transcripts*. D.E. 39 at 4. The transcripts were furnished to her as part of this § 2255 proceeding, long after the time for Porras to file a notice of appeal had expired. Compare D.E. 37 (Porras' request for documents), with D.E. 41 (ordering the government to file transcripts as part of § 2255). Porras' allegations do not state a claim that counsel failed to file a notice of appeal after Porras requested he do so. Porras is entitled to no relief on this issue.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Porras has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final

order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Porras is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Porras' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 39) is DISMISSED. She is also denied a Certificate of Appealability

It is so ORDERED this 9th  day of October 2011.

HAYDEN HEAD
SENIOR U.S. DISTRICT COURT JUDGE

13